IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Adrian and Marinela Pintea, | ) | No.: 16 cv 05990 |
| | ) | |
| Plaintiff, | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | |
| | ) | The Honorable Judge |
| Joseph Varan, Matthew E. Gurvey, Law Offices of | ) | Thomas M. Durkin |
| Matthew E. Gurvey, P.C., Con Praedia LLC, Sub Praedia | ) | |
| LLC, and Rebecca Varan, | ) | The Honorable Magistrate Judge |
| | ) | Jeffrey Gilbert |
| Defendants. | ) | |

## PLAINTIFF'S INITIAL STATUS REPORT

*NOTE: All parties have been served. Rebecca Varan and the corporate entities, as noted below, have settled the case contingent upon certain deeds tendered being acceptable to a mortgage company. Joseph Varan has appeared through an attorney who did not respond to requests for input on the joint status report and has not filed a responsive pleading. The Gurvey entities have been served and a motion for default is forthcoming.*

I. This is a new, not reassigned, case.

(1) The Nature of the Case

    a. Attorneys of record for each party, including the lead trial attorneys.

For Plaintiffs Pintea:

Kelli Dudley, Lead
Law Office of Kelli Dudley
1658 Milwaukee, #100-8377
Chicago, Illinois 60647
attorneykelli@sbcglobal.net
312-771-9770

For Defendant Varan:

Steven D. Richek, Lead
111 West Washington
Suite 1020
Chicago, Illinois 60602
312-375-6556

    b. Basis for federal jurisdiction.

Federal question jurisdiction (Fair Housing Act, 42 U.S.C. 3601 et seq.)

1

    c. Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought.

This is a case arising pursuant to the Fair Housing Act, 42 U.S.C. 3601 et seq., as amended in 1988 by the Fair Housing Amendments Act. The complaint alleges that attorneys and a non-lawyer targeted people on the basis of national origin for sub-standard mortgage foreclosure "defense" services. The "services" including having Plaintiffs sign a quit-claim deed to their property to some of the non-attorney defendants.

Relief sought includes emotional damages under the Fair Housing Act, actual damages, and punitive damages. Relief also included a count for quiet title as to the property to which some defendants acquired a quit-claim deed; however, some defendants have taken steps to return the property to Mr. and Mrs. Pintea. It is anticipated that Rebecca Varan, Sub Praedia, and Con Praedia will be dismissed as soon as it is determined that quit claim deeds they executed in favor of Mr. and Mrs. Pintea are sufficient to vest the property back in the Pinteas' names and allow them to complete a modification of their mortgage loan which is presently in foreclosure.

(2) Pending Motions and Case Plan

    a. Identify any pending motions.

    None.

    b. Submit a proposal for a discovery plan, including the following information:

        i. The general type of discovery needed;

The parties anticipate written and oral discovery.

        ii. A date for Rule 26(a)(1) disclosures;

The parties should make Rule 26(a)(1) disclosures by October 15, 2016.

        iii. A date to issue written discovery;

Written discovery should issue by November 1, 2016.

        iv. If there will be expert discovery **relevant to dispositive liability motions**, an expert discovery completion date, including dates for the delivery of expert reports;
        v. A liability discovery completion date;
        vi. Near the date of the liability discovery cut-off the Court will set a status hearing to discuss a proposed date for the in-chambers discussion referenced on the Court's webpage regarding the filing of dispositive motions.

      vii.    Scheduling of expert discovery relevant to damages should be deferred until it becomes necessary for a hearing or trial. The parties may suggest that expert discovery relevant to damages be scheduled sooner if they believe it is necessary. Generally, the time and expense of expert damage discovery should not be taken until any dispositive motions have been decided, to the parties agree that no such motions will be filed.

  c.  E-Discovery
      i.    Indicate whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately;

Discovery will include electronic discovery. Generally, this is anticipated to include metadata.

      ii.    Indicate whether the parties anticipate any electronic discovery disputes and whether the parties would agree to submit an electronic discovery dispute to a mediator from the E-Mediation Panel.

No disputes are anticipated, but the panel is agreeable to the parties so long as there is no extra costs to Plaintiffs.

(3) Consent to Proceed Before a Magistrate Judge

  a.  Indicate whether the parties consent unanimously to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and trial.

The parties consent to a magistrate.

(4) Status of Settlement Discussions

  a.  Indicate whether any settlement discussions have occurred, and if so, the status of those discussion. Unless it is impossible due to the uncertainty of damages, plaintiffs should have made a demand by the first status conference.

     Rebecca Varan, Sub Praedia, and Con Praedia have settled with Mr. and Mrs. Pintea so long as certain deeds they tendered are sufficient to vest Mr. and Mrs. Pintea with ownership in their property that was subject to a quit-claim deed they unknowingly signed.

     The Pinteas' attorney met with Defendant Varan before he was represented and no settlement was reached.

     The Pinteas have made several offers to settle the matter as to the Gurvey defendants. The offers were rejected. Mr. Gurvey made an offer to settle, which was also rejected.

b. Whether the parties request a settlement conference before the Magistrate Judge assigned to the case.

A settlement conference is requested.

Respectfully Submitted,

Adrian and Marinela Pintea

/s/Kelli Dudley

Kelli Dudley, Attorney for Adrian and Marinela Pintea

Date: August 10, 2016

Kelli Dudley
The Law Office of Kelli Dudley
1658 North Milwaukee Avenue, #100-8377
Chicago, Illinois 60647
P: 312-771-9770
Email: attorneykelli@sbcglobal.net
ID #6279068